UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| ROBERT DERRYBERRY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 1:17-cv-106-JRG-SKL |
| | ) | |
| CITY OF EAST RIDGE, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is a motion to compel [Doc. 40] filed on May 1, 2018 by Defendant City of East Ridge ("Defendant") pursuant to Fed. R. Civ. P. 37. Defendant states its motion to compel was filed "out of an abundance of caution as the Scheduling Order . . . designated May 1, 2018, as the discovery cutoff in this case" and Plaintiff Robert Alan Derryberry ("Plaintiff") advised in an email that he would respond by May 11, 2018 to the First Interrogatories and Request for Production of Documents propounded to Plaintiff on March 27, 2018 [Doc. 40 at Page ID # 157]. Plaintiff has not filed a timely response to Defendant's motion.

The Scheduling Order states that "[d]iscovery will be *completed* by **May 1, 2018**" [Doc. 15 at Page ID # 73 (emphasis added)]. The Scheduling Order gave the parties nearly eight months to *complete* discovery. Defendant apparently waited to propounded discovery on Plaintiff until March 27, 2018, merely 36 days before the close of discovery and just 33 days prior to the discovery cut-off when including the additional three days for service by mail upon a pro se party

[Doc. 40 at Page ID # 158].[1] Moreover, Defendant does not address that Plaintiff's response to the motion was not be due until May 21, or that the motion would not be ripe until any potential reply was filed. In short, the relief sought by Defendant would require discovery to extend well beyond the close of the discovery period. Further, Defendant has failed to certify that it attempted to confer in good faith with Plaintiff prior to filing its motion as required by Fed. R. Civ. P. 37(a)(1).

Courts routinely hold that motions seeking court intervention in discovery disputes after the close of discovery are untimely absent special or extreme circumstances. *See, e.g., McGhee v. Buffaloe & Assocs., PLC*, No. 2:12-CV-333, 2013 WL 11478554, at *2 (E.D. Tenn. Dec. 20, 2013) (collecting cases and finding that "[c]ourts, including courts in this circuit and in this district, have found that motions seeking court intervention in discovery disputes after the close of discovery are untimely."). Recently this Court again addressed the issue, stating:

> While Rule 37(a) permits a party to move to compel discovery, it applies *during* the discovery process. The discovery deadline in this case—and more specifically, the deadline for filing motions to compel—expired a long time ago, and the Court therefore must treat Shelbyville Hospital's Motion to Compel under Rule 37 as a request to reopen discovery[.]
>
> A district court has substantial discretion over pretrial matters such as the conduct of discovery. Along these lines, a district court may properly deny a motion to compel discovery where the motion to compel was filed after the close of discovery. At least a few district courts in this circuit, however, have relied on a five-factor analysis to determine the propriety of reopening discovery after receiving an untimely motion to compel, bringing clarity to a district court's discretion in this context. These factors include: (1) whether the movant has shown good cause for reopening discovery, (2) whether the need for additional discovery is due to the movant's neglect, (3)

---

[1] Though Plaintiff was served by U.S. Mail and also at an email address as listed in the certificate of service attached to the instant motion, Plaintiff is pro se and not represented by counsel and as such three days is added for service in calculating the time to respond to discovery and to the instant motion, the additional three-day period described in Rule 6(d) is applicable under the revised rule.

> the specificity of the discovery request, (4) the relevance of the discovery, and (5) whether the party opposing the reopening of discovery will suffer prejudice. The party moving to reopen discovery has the burden of justifying it.

*Shelbyville Hosp. Corp. v. Mosley*, No. 4:13-CV-88, 2017 WL 1155046, at *2 (E.D. Tenn. Mar. 27, 2017) (internal quotation marks and citations omitted).

Furthermore, a motion to compel filed within days of the close of discovery is untimely. *See, e.g., Wilbur v. Cty. of Waukesha*, No. 14-CV-0046-PP, 2016 WL 4082666, at *4 (E.D. Wis. July 29, 2016) ("In light of the lengthy discovery period, the absence of any explanation for the last-minute filing, the multiple extensions of the discovery period, the plaintiff's knowledge of the impasse some two weeks prior to the filing of the motion, and the fact that granting this motion would require yet another extension of the discovery period, the court finds that this motion is untimely."); *Hyland v. Homeservices of America, Inc.*, No. 3:05-cv-612, 2012 WL 1680109, at *4-6 (W.D. Ky. May 14, 2012) (collecting cases and concluding that a motion to compel filed only ten days before the close of discovery is untimely); *West v. Miller*, No. 05C4977, 2006 WL 2349988, at *5-6 (N.D. Ill. Aug. 11, 2006) (motion to compel filed eleven days before the close of discovery deemed untimely); *Ridge Chrysler Jeep L.L.C. v. Daimler Chrysler Servs. N. Am., L.L.C.*, No. 03 C 760, 2004 WL 3021842, at *4 (N.D. Ill. Dec. 30, 2004) (finding that a motion to compel filed four days before the close of discovery is a case of "too little, too late").

As noted, Plaintiff failed to respond to the motion. Moreover, Defendant essentially admitted the motion was filed as an attempted safeguard in the event Plaintiff's discovery responses were not received when promised, May 11, 2018, ten days past the close of discovery. Perhaps Defendant's motion is an attempt to avoid the effect of the expiration of the discovery period—but it is not. Defendant has not addressed the close of discovery, has not cited the appropriate legal standards for reopening discovery, and has not made the required showing to

reopen and compel discovery in this case. Any relief the Court might have considered would obviously require the re-opening of discovery and would potentially jeopardize the remaining deadlines set in the case.

Under these circumstances, the Court declines to further address the motion or potentially compel more discovery that would extend the discovery period beyond the May 1, 2018 deadline. Accordingly, the motion to compel [Doc. 40] is **DENIED**.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE
