UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| ROBERT DERRYBERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 1:17-cv-106-JRG-SKL |
| | ) | |
| CITY OF EAST RIDGE, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Before the Court is a pro se motion filed on June 19, 2018, by Robert Alan Derryberry ("Plaintiff"), to quash five subpoenas *duces tecum* allegedly served by the City of East Ridge ("Defendant") after the deadline for completing discovery [Doc. 43]. Also before the Court is a motion to extend the time to complete discovery [Doc. 44], with supporting memorandum [Doc. 45], and a response in opposition to the motion to quash [Doc. 46], all filed on June 20, 2018, by Defendant.[1]

As established in the applicable Scheduling Order, discovery in this case was required to "be *completed* by **May 1, 2018**" [Doc. 18 at Page ID # 73 (emphasis added)]. As noted in this Court's prior Order denying Defendant's motion to compel discovery responses [Doc. 41], the Scheduling Order gave the parties nearly eight months to *complete* discovery. As best the Court can tell, the two pending motions are related and they stem from a failure to timely conduct discovery and/or seek court intervention for alleged discovery abuses.

---

[1] Plaintiff has not filed a response to Defendant's motion or a reply to his own motion. Under Fed. R. Civ. P. 6(d) and applicable local rules, Plaintiff's reply, if any, to his motion to quash was due July 2, 2018, and his response to the Defendant's motion for extension of time to complete discovery was due by July 9, 2018. Given the nature of the related motions, however, it appears the issues are fully briefed.

Perhaps exemplifying the adage that "no good deed goes unpunished," Defendant alleges it repeatedly worked with and accommodated Plaintiff in its attempt to obtain disclosures and discovery from him. Allegedly as a result, Plaintiff's deposition was not completed by Defendant until March 23, 2018.[2] Soon after the deposition, Defendant issued subpoenas for the production of records from two of Defendant's healthcare providers and from what appears to be a former or current employer. Defendant also sent written discovery to Plaintiff on March 27, 2018. Although Plaintiff allegedly advised that he would respond to the discovery request by May 11, 2018, *i.e.*, after the close of discovery, he did not do so. The Court previously denied Defendant's untimely motion to compel these discovery responses [Doc. 41].

On May 30, 2018, after receiving Plaintiff's deposition transcript around April 13, 2018, and after a failed mediation on May 29, 2018, Defendant apparently proposed to Plaintiff that it

---

[2] In its Order denying Defendant's motion to dismiss for lack of prosecution, the Court previously noted:

> Defendant states that after multiple attempts to depose the plaintiff in order to complete discovery in a timely manner, the plaintiff failed to appear for his scheduled deposition on February 22, 2018. However, on February 28, 2018, defendant filed a notice to strike its previously filed motion to dismiss, [Doc. 32]. In defendant's supplemental status report, it explained that plaintiff appeared at the office of counsel for the City of East Ridge on February 28, 2018, claiming he misunderstood the date of the deposition, [Doc. 33]. Defendant thereby agreed to once again reset the plaintiff's deposition and withdraw its motion to dismiss, "in an effort to continue working with Plaintiff." [Doc. 33].
>
> Plaintiff also filed a status report on March 2, 2018, stating that he was seriously ill and unable to appear for his deposition that was scheduled on February 22, 2018. [Doc. 34]. Plaintiff states that he has since been in contact with defendant in an effort to reschedule his deposition.

[Doc. 35]. The Court specifically held all other deadlines in the scheduling order, remained as scheduled [*id.*].

would issue five additional subpoenas under Fed. R. Civ. P. 45 for the production of records. On June 13, 2018, Plaintiff objected to any such subpoenas being issued [Doc. 43]. Because of Plaintiff's objections, Defendant did not actually issue the five subpoenas; instead, Defendant reportedly began work on its motion to extend the discovery period. Plaintiff beat Defendant to the punch by filing his motion to quash—although, actually, there were no issued subpoenas to quash—the day before Defendant filed its motion to extend the discovery period. In its motion, Defendant seeks an extension of the discovery period to issue three subpoenas; specifically, to obtain a pretrial inspection of documents from the records custodians of one of Plaintiff's former employers and two of Plaintiff's healthcare providers.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As fully set out in the Court's prior Order, courts routinely hold that motions seeking court intervention in discovery disputes after the close of discovery are untimely absent special or extreme circumstances. *See, e.g., McGhee v. Buffaloe & Assocs., PLC*, No. 2:12-cv-333, 2013 WL 11478554, at *2 (E.D. Tenn. Dec. 20, 2013) (collecting cases and finding that "[c]ourts, including courts in this circuit and in this district, have found that motions seeking court intervention in discovery disputes after the close of discovery are untimely.").

When considering Defendant's motion to amend the scheduling order, this Court must examine whether Defendant has shown "good cause," and whether the requested amendment will cause Plaintiff "to experience possible prejudice." *See Gatza v. DCC Litig. Facility, Inc.*, 717 F. App'x 519, 521 (6th Cir. 2017) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2005)), *cert. denied*, 138 S. Ct. 1177, 200 L. Ed. 2d 316 (2018). "To show good cause, a moving party can demonstrate that he or she diligently attempted to meet the original deadline." *Id*. (citation omitted). The determination of good cause includes consideration of five factors: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would

3

affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to . . . discovery requests." *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2013) (alteration in original) (quoting *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010) (quotation marks omitted)); *accord Gatza*, 717 F. App'x at 521. As affirmed in *Gatza*, the central question among the factors is whether the moving party acted diligently. "A court asked to modify a scheduling order for good cause may do so only if a deadline cannot reasonably be met despite the diligence of the party seeking the extension." *Marcilis v. Twp. of Redford*, 693 F.3d 589, 597 (6th Cir. 2012) (quoting *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)) (quotation marks and alteration omitted); *see also Bentkowski*, 637 F.3d at 696.

Addressing the above factors, Defendant claims it diligently participated in discovery to meet the May 1 deadline, but Plaintiff failed to participate in discovery from September 20, 2017 to January 10, 2018. Further, Defendant states it did not learn of the medical providers and employers until after Plaintiff's deposition on March 23, 2018 and did not receive the deposition transcript until April 13, 2018. Defendant states that while the length of the original discovery period was admittedly reasonable, it had to go to considerable lengths to get Plaintiff to properly participate in discovery and meet deadlines throughout the litigation. Defendant claims the documents sought are relevant, especially given Plaintiff's claim for emotional damages, and that granting the motion would not prejudice Plaintiff because no other deadlines would need to be changed.

Before applying the factors, the Court finds that Defendant has not shown it could not meet the original discovery deadline. This alone is reason enough to deny the motion. *See Gatza*, 717 F. App'x at 521. Moreover, if the Court considers whether Defendant has shown good cause, the factors weigh against Defendant's positon. At the latest, Defendant learned of the records it seeks

4

to subpoena during Plaintiff's deposition completed March 23, 2018. Defendant acted dilatory both when it failed to take Plaintiff's deposition at an earlier date and when it failed to obtain a more expedited deposition transcript to the extent it claims the transcript was necessary for it to issue subpoenas. Moreover, the subpoenas still could have been issued before the May 1 discovery deadline even though Defendant did not receive the deposition transcript until April 13, 2018.

The desired discovery might be relevant at the trial. However, Plaintiff's claims for emotional damage are alleged in the original complaint filed April 20, 2017 [Doc. 1]. The length of the discovery period was reasonable and adequate to obtain discovery about damages/relief claimed in the complaint. While some of the delay at issue is attributable to Plaintiff's failure to be responsive and some is attributable to Defendant's commendable attempt to work with a pro se Plaintiff, much of the delay is squarely attributable to Defendant's failure to timely pursue discovery or seek court intervention to address Plaintiff's alleged lack of responsiveness.

Defendant's lack of diligence is also indicated by its failure to file the motion until well after the expiration of the discovery period. As the parties should be aware from the Court's Scheduling Order, the Court will not extend the discovery deadline absent extraordinary circumstances [Doc. 18].

For the above reasons, the Court declines to extend the discovery period beyond the May 1, 2018 deadline at this late juncture. Accordingly, the motion to extend discovery [Doc. 44] is **DENIED**. The motion to quash [Doc. 43] is **DENIED** as **MOOT**.

SO ORDERED.

ENTER:

                                       s/ *Susan K. Lee*
                                       SUSAN K. LEE
                                       UNITED STATES MAGISTRATE JUDGE